The defendant moves for collateral source reduction, while the plaintiff objects and moves for judgment on an arbitrator's award and the defendant objects to the plaintiff's motion for judgment. A resolution of these motions must be made in the midst of a procedural morass and on the basis of statutory and practice book provisions that do not precisely mesh.
The facts are as follows. The plaintiff initiated a personal injury claim against a defendant who was a driver of the car in which she was a passenger and a defendant who drove another car. The matter was referred to an arbitrator, pursuant to General Statutes § 52-549u. Arbitrator William Ankerman heard the case on July 17, 1998 and filed a decision on November 23, 1998, awarding the plaintiff damages against the defendant driver of the plaintiff's car as follows: economic dam ages of $2050 and noneconomic damages of $5000.
The defendant driver did not move for a trial de novo within twenty days of the filing of the arbitrator's decision pursuant to Practice Book § 23-66(c), so the *Page 603 
arbitrator's decision became a judgment of the court, pursuant to Practice Book § 23-66(a).
The court, on its own motion, entered judgment "in accordance with the arbitrator's report on December 21, 1998 per Judge Berger." Notice of that judgment was sent to attorneys for all parties on that date.
The defendant driver moved for collateral source reduction on December 18, 1998. The court, Hale, J., acting on that motion on January 14, 1999, ordered: "Refer this to the arbitrator for further action." Notice was sent to the parties' attorneys, who apparently ignored it and did not file motions to appeal it.
On January 28, 1999, the plaintiff filed a motion for judgment for the full amount of the arbitrator's decision ($7050) on the grounds that the defendant driver had not filed a claim for a trial de novo within twenty days as required by Practice Book § 23-66(c), and also objected to the defendant driver's motion, dated December 17, 1998, for collateral source reduction.
On February 5, 1999, the defendant driver objected to the plaintiff's motion for judgment filed on January 28, 1999.
General Statutes § 52-225a authorizes the court, in any civil action, to reduce an award of economic dam ages by the amount received from collateral sources, as defined by General Statutes § 52-225b. Here, the parties stipulated that such amount in the present case was $1632.
Practice Book § 16-36 provides that a motion to reduce an award for collateral source payments "shall be filed within ten days after the day the . . . award is accepted and shall be heard by the judge who conducted the trial." *Page 604 
The court, in the present case, on its own motion, entered a judgment on the arbitrator's report on December 21, 1998. If that action is deemed to be the date when the arbitrator's award was accepted, the defendant driver's motion for collateral source reduction, dated December 17, 1998, is premature, because it was not actually filed "ten days after the day . . . the award is accepted." (Emphasis added.) Practice Book §16-36. To hold that the motion is untimely on the facts of the present case, however, would proclaim literalness over common sense.
If that action by the court is nugatory because an arbitrator's decision becomes a judgment automatically when a party does not claim a trial de novo within twenty days of the filing of the arbitrator's decision, then the award may be deemed accepted, within the meaning of Practice Book § 16-36, on that twentieth day.
Clearly a § 52-549u arbitration does not contemplate acceptance, because of the remedy of trial de novo, so the only practical way to interpret Practice Book § 16-36, is to find the award accepted when the period to claim a trial de novo expires and the award becomes a final judgment.
Here, the arbitrator filed his decision on November 23, 1998; twenty days later was December 12, 1998, and ten days after that date to file for collateral source reduction was December 22, 1998. The defendant driver filed her motion for collateral source reduction on December 18, 1998, well within the ten day period.
Cutting through the procedural morass, this court finds that the defendant driver's motion for collateral source reduction was timely filed upon either of the grounds expressed above.
Judge Hale's order of January 14, 1999, ruling on the defendant driver's December 17, 1998 motion for *Page 605 
collateral source reduction and referring the matter to the arbitrator, is binding on the parties.
 Since the parties have stipulated, however, that collateral source payments amounted to $1632, this court can itself reduce the economic damages of $2050 by that amount. Accordingly, it enters judgment for the plaintiff for $5418, plus costs.